IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODNEY HINDERLITER, JR.          )
                                 )
    v.                           )    NO: 3:16-0882
                                 )
STEWART COUNTY SHERIFF'S         )
DEPARTMENT, et al.               )

TO:  Honorable Aleta A. Trauger, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered May 24, 2016 (Docket Entry No. 3), the Court referred this prisoner civil rights action to the Magistrate Judge to enter a scheduling order for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Rodney Hinderliter, Jr., ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on May 13, 2016, while held as a pretrial detainee at the Stewart County Detention Center ("Detention Center") in Dover, Tennessee. He seeks relief under 42 U.S.C. § 1983 against Advanced Correctional Healthcare and three employees at the Detention Center – Lisa Hatcher, Jason Ballenger, and Joshua Miller – based on allegations that they violated his constitutional rights by denying him adequate medical care. By the Order of referral, the Court found that Plaintiff had alleged non-frivolous claims and directed that process issue to Defendants.

Because Plaintiff's original complaint and his subsequent filings regarding his claims lacked a measure of factual specificity, the Court directed Plaintiff to file an amended complaint by July 29,

2016, that more clearly set out the factual allegations of what each Defendant specifically did or failed to do with respect to Plaintiff's claims. *See* Order entered July 8, 2016 (Docket Entry No. 15). Plaintiff failed to comply with this directive, and the Court directed him to: 1) show cause why he failed to file an amended complaint; and 2) file a response to a motion to dismiss that had been filed by Defendant Miller. *See* Order entered September 30, 2016 (Docket Entry No. 33). Plaintiff was specifically advised that his failure to respond to the motion to dismiss and his failure to show cause may result in the dismissal of this action. *Id*.

The September 30, 2016, Order was re-sent to Plaintiff at a non-institutional residential address because, although Plaintiff had not filed a change of address notice,[1] it appeared from the record that Plaintiff had been released from the Detention Center. *See* Order entered October 21, 2016 (Docket Entry No. 37). The Court gave Plaintiff a deadline of November 9, 2016, to comply with the earlier directive from the Court that he file a response to the pending motion to dismiss and show cause why he has not filed the amended complaint. *Id*. Plaintiff was again advised of the potential consequence of his failure to comply with the Court's directive. *Id*. As of the date of this Report and Recommendation, Plaintiff has not complied with the Court's orders.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386,

---

[1] The Court had previously advised Plaintiff of the necessity to keep the Clerk's Office informed of his current address. *See* Docket Entry No. 3 at 3.

8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of Plaintiff's repeated failures to comply with the orders of the Court that directed him to file an amended complaint, file a response to the motion to dismiss, and show cause for his failure to file an amended complaint. Given Plaintiff's apparent lack of interest in the action subsequent to his release from the Detention Center, his repeated disregard of the Court's orders, and his failure to take the steps necessary to prosecute the action, the Court finds that dismissal of the action is warranted.

### RECOMMENDATION[2]

Based on the foregoing, the Court respectfully RECOMMENDS this action be DISMISSED WITH PREJUDICE in accordance with Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to

---

[2] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

          _____
          BARBARA D. HOLMES
          United States Magistrate Judge